IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOISES I. VASQUEZ, | § | |
| TDCJ No. 2348124, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:25-cv-2409-K |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The Court denied Petitioner Moises I. Vasquez's *pro se* application for a writ of habeas corpus. *See Vasquez v. Dir., TDCJ-CID*, No. 3:25-cv-2409-K-BN, 2026 WL 1322087 (N.D. Tex. Apr. 21, 2026), *rec. accepted*, 2026 WL 1304833 (N.D. Tex. May 12, 2026).

After the Court entered judgment in this case, Vasquez's objections to the magistrate judge's findings, conclusions, and recommendation ("FCR") were entered on the docket. *See* Dkt. No. 26. To the extent that the objections were filed but not entered before the Court entered judgment and should be treated as objections, they do not alter the Court's judgment. Reviewing *de novo* those portions of the FCR to which objection was made, the Court finds no error in the FCR.

To the extent that the objections should be liberally construed as a motion under Federal Rule of Civil Procedure 59(e), it is denied. A motion or construed motion filed "within twenty-eight days after the entry of the judgment … is treated as though it was

filed under [Federal Rule of Civil Procedure] 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

A Rule 59(e) motion timely filed within 28 days of judgment "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). So, at this point, "there is no longer a final judgment to appeal from," and, "[o]nly the disposition of [the Rule 59(e)] motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (citations omitted). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 140 S. Ct. at 1703 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

- 2 -

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Vasquez's arguments are somewhat difficult to decipher but appear to assert a new equal protection claim based on his prior arguments that the Texas Court of Criminal Appeals granted relief in a "similarly situated case." *See* Dkt. No. 26; Dkt. No. 15. As the magistrate judge correctly stated, "[t]he question whether a defective state indictment confers jurisdiction on the state trial court is a matter of state law." *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994). The state court of appeals determined that the trial court did not lose jurisdiction and that cases cited by Vasquez were distinguishable. *See Vasquez v. State*, No. 05-20-00116-CR, 2022 WL 2951667 (Tex. App.—Dallas July 26, 2022, pet. ref'd). Therefore, Vasquez's arguments are without merit and do not meet his high burden of establishing a manifest error of law or fact, presenting newly discovered evidence, or identifying an intervening change in the controlling law.

### Conclusion

To the extent that Petitioner Moises I. Vasquez's objections [Dkt. No. 26] should be treated as such, the objections are OVERRULED. In the alternative, to the extent the objections should be treated instead as a construed motion under Federal

Rule of Civil Procedure 59(e), the Court DENIES the motion, and solely for statistical

purposes, DIRECTS the Clerk of Court to REOPEN and CLOSE this case.

**SO ORDERED**

**Signed June 2nd, 2026.**

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE